IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 06-cv-00506-MSK-PAC

NORSYN, INC.,

        Plaintiff,

v.

BANK OF INDIA,
POHANI COMMERCIAL PURCHASING CORP., and
NARI C. POHANI,

        Defendants.

_____

**OPINION AND ORDER GRANTING MOTION TO DISMISS**
_____

**THIS MATTER** comes before the Court pursuant to the Defendants' Motion to Dismiss for Lack of Jurisdiction **(# 10)**, the Plaintiff's response **(# 23)**, and the Defendants' reply **(# 24)**.[1]

**FACTS**

According to the Amended Complaint **(# 2)**, the Plaintiff, a Colorado corporation, entered into a contract with Defendant Pohani Commercial Purchasing Corp. ("PCPC") to obtain corporate financing through Defendant Bank of India. The Plaintiff alleges that it paid more than $ 50,000 in processing fees to the Defendants, but that the financing sought by the Plaintiff was not obtained. The Plaintiff asserts claims for: (i) "negligence *per se*," in that the Defendants

---

[1] The Court's docket also indicates that the Defendants moved to stay **(# 13)** the proceedings pending disposition of the motion to dismiss, and the Plaintiff responded **(# 23)**. The motion to stay is denied as moot in light of the disposition of the motion to dismiss. The Defendants also moved for a hearing **(# 44)** on their motion to dismiss. That motion is also denied as moot in light of the disposition of the motion to dismiss.

breached a duty to the Plaintiff to secure the promised financing; (ii) breach of contract; (iii) "actual fraud," asserted pursuant to a statutory provision identified as "SD Ch. 41 § 53-4-5," asserting that the Defendants fraudulently misrepresented their ability to provide the financing they promised; (iv) "constructive fraud," in that "Defendants innocently or negligently misrepresented" their knowledge that they could not obtain the requested financing; and (v) "civil theft" pursuant to C.R.S. § 18-4-405.

The Defendants move to dismiss **(# 10)** the claims against them, arguing: (i) that no personal jurisdiction exists over Defendants PCPC and Nahir Pohani; (ii) that Defendant Bank of India was not properly served; and (iii) that any surviving claims should be transferred to the Southern District of New York pursuant to a forum selection clause in the Plaintiff's contract with Defendant PCPC. The Defendants' motion attaches various affidavits in support of its arguments.

In a response **(# 23)** untimely by almost two full months,[2] the Plaintiff contends that service upon Defendant Bank of India was proper, in that it served Defendant Bank of India by means "reasonably calculated to provide actual notice," although the response does not further elaborate. The Plaintiff also contends, without additional detail, that it "served an agent of the Bank in New York City at the Bank's main office in the United States." The Plaintiff does not respond to Defendants PCPC and Pohani's argument that this Court lacks personal jurisdiction

---

[2]A minute order **(# 21)** from a hearing before the Magistrate Judge indicates that she intended to issue a recommendation that the Defendants' motion be deemed confessed by the Plaintiff's failure to file a timely response. No recommendation was actually issued, however.

over them.[3]  Rather, the Plaintiff contends that pursuant to 28 U.S.C. § 1441(f), "the Court may hear claims against persons that the state court might not have had jurisdiction over if it so chooses," and urges that "judicial economy" warrants this Court exercising jurisdiction over Defendants PCPC and Pohani. The Plaintiff argues that the contract with PCPC, including the forum selection clause, was fraudulently induced and should be given no effect, and that "such clauses are usually suspect and do not control the Court's disposition."  No case law is cited in support of this proposition, or, indeed, anywhere in the Plaintiff's response.  Moreover, the Plaintiff attaches no affidavits or other evidentiary material in support of its factual assertions.

## ANALYSIS

### A.  Jurisdiction over Defendants PCPC and Pohani

In reviewing a Motion to Dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2), the Plaintiff bears the burden of establishing that personal jurisdiction exists.  *Soma Medical Intern. v. Standard Chartered Bank*, 196 F.3d 1292, 1295 (10th Cir. 1999); *Omi Holdings, Inc. v. Royal Ins. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998).  If the Court chooses not to conduct an evidentiary hearing on the issue of the scope of the Defendants' contacts with the state, the Plaintiff need only make a *prima facie* showing of jurisdiction by showing, through affidavits or otherwise, facts that, if true, would support jurisdiction over the defendant. *Omi Holdings*, 149 F.3d at 1091 *Soma*, 196 F.3d at 1295.  The allegations of the Amended Complaint must be taken as true unless contradicted by the Defendant's affidavits, *Behagen v. Amateur Basketball Ass'n. of U.S.A.*, 744 F.2d 731, 733 (10th Cir.1984), and to the

---

[3] The Plaintiff does contend that "There are Colorado contacts," but lists only its own activities in Colorado, not any alleged acts by Defendants PCPC or Pohani in this state.

3

extent that the affidavits contradict allegations in the Amended Complaint or opposing affidavits, all disputes must be resolved in the plaintiff's favor and the plaintiff's *prima facie* showing is sufficient. *Id.*

Colorado's long-arm statute provides that a non-resident party subjects itself to the jurisdiction of Colorado courts for claims arising from the party's "(a) transaction of any business within this state; [or] (b) the commission of a tortious act within this state." C.R.S.A. § 13-1-124(1)(a) and (b). The statute codifies the "minimum contacts" test of *International Shoe Co. v. Washington*, 326 U.S. 310 (1945), and extends the courts' jurisdiction to the maximum extent consistent with the Due Process clause of the 14th Amendment. *Brownlow v. Aman*, 740 F.2d 1476, 1481 (10th Cir. 1984). Thus, the Court's analysis is limited to the question of whether the exercise of jurisdiction is consistent with the principles of due process. *OpenLCR.com, Inc. v. Rates Technology, Inc.*, 112 F.Supp.2d 1223, 1227 (D. Colo. 2000); *Wise v. Lindamood*, 89 F.Supp.2d 1187, 1189 (D. Colo. 1999).

For purposes of personal jurisdiction, due process is satisfied when a defendant has sufficient "minimum contacts" with the forum state to suffice such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *Int'l. Shoe*, 326 U.S. at 316. The "minimum contacts" test examines whether the defendant has purposefully directed its activities at residents of the forum state, whether the claims asserted arise out of that purposeful direction of activity, and whether the assertion of jurisdiction under the circumstances is reasonable and fair. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985); *Teierweiler v. Croxton and Trench Holding Co.*, 90 F.3d 1523, 1532-33 (10th Cir. 1996).

Merely entering into a contract with a Colorado resident, without more, does not amount to purposeful activity in the state. *Burger King*, 471 U.S. at 478 ("If the question is whether an individual's contract with an out-of-state party alone can automatically establish sufficient minimum contacts in the other party's home forum, we believe the answer clearly is that it cannot.") (emphasis in original); *National Business Brokers, Ltd. v. Jim Williamson Productions, Inc.*, 115 F.Supp.2d 1250, 1254 (D. Colo. 2000), *aff'd*, 16 Fed.Appx. 959 (10th Cir. 2001) (unpublished) ("[t]he law is clear that a party does not submit itself to personal jurisdiction in a distant forum simply by entering into a contract with a party that resides in that forum"), *citing Ruggieri v. General Well Serv., Inc.,* 535 F.Supp. 525, 535 (D. Colo. 1982); *Encore Productions, Inc. v. Promise Keepers*, 53 F.Supp.2d 1101, 1117 (D. Colo. 1999). Indeed, representatives of a defendant can even enter into Colorado to discuss details of the agreement, *id., citing Associated Inns & Restaurant Co. v. Development Assocs.,* 516 F.Supp. 1023, 1026 (D. Colo. 1981); *Encore Productions*, 53 F.Supp.2d at 1117-18, or make telephone calls and direct correspondence into the state without necessarily subjecting themselves to personal jurisdiction. *Far W. Capital, Inc. v. Towne,* 46 F.3d 1071, 1077 (10th Cir. 1995); *Encore Productions*, 53 F.Supp.2d at 1117; *F.D.I.C. v. First Interstate Bank of Denver*, 937 F.Supp. 1461, 1468 (D. Colo. 1996).

Here, the Amended Complaint does not contain any specific assertions that would support the exercise of personal jurisdiction over Defendants PCPC and Pohani. The Defendants have tendered affidavits that explain that the transactions at issue in the Amended Complaint were initiated when a non-party overseas corporation contacted Defendant PCPC, a New York corporation located in New York City, requesting that it attempt to secure a letter of credit for

the Plaintiff, which, although a Colorado corporation, listed its business address in South Dakota. Defendant PCPC (and its principal, Defendant Pohani, a citizen of New Jersey), communicated by fax with the Plaintiff in South Dakota, and then communicated with the New York office of Defendant Bank of India, a foreign corporation. Defendant Bank of India then mailed an allegedly defective letter of credit to the Plaintiff's bank in Connecticut. At no time did any party visit Colorado, communicate with any party in Colorado, or conduct any business of any kind with any person located in Colorado. The Plaintiff does not, by affidavit or otherwise, dispute these facts.

A generous reading of the Plaintiff's skeletal response to Defendants PCPC and Pohani's motion reveals two possible arguments: (i) that the Plaintiff's own connection to Colorado are sufficient to create personal jurisdiction over Defendants PCPC and Pohani, and (ii) that 28 U.S.C. § 1441(f) permits this Court to exercise personal jurisdiction over Defendants PCPC and Pohani, even if it is otherwise lacking.

The first argument is patently frivolous. The Plaintiff cites to no law for the proposition that its own contacts with Colorado are sufficient to subject those it deals with in other states to jurisdiction in Colorado. Indeed, as stated above, the law is clear that merely doing business with a Colorado resident in another state is an insufficient basis to support personal jurisdiction. *Burger King*, 471 U.S. at 478; *National Business Brokers,*, 115 F.Supp.2d at 1254.

The Plaintiff's second argument, that the Court may exercise personal jurisdiction in a removed action over a defendant who is not otherwise subject to personal jurisdiction in the state court, is not only unsupported by any citation to authority for that proposition, but is also patently frivolous. 28 U.S.C. § 1441(f) provides that "The court to which a civil action is removed under

this section is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over the claim." Even the most casual reading of § 1441(f) reveals that the statute deals with subject-matter jurisdiction, not personal jurisdiction, as it refers to a "claim" over which the state court lacks jurisdiction, not a "defendant."[4] *See also* Wright, Miller *et al.*, Federal Practice and Procedure, Jurisdiction 3d § 3721 ("This amendment only applies to a lack of state court subject matter jurisdiction"). Because the Plaintiff fails to come forward with any colorable argument allowing this Court to exercise personal jurisdiction over Defendants PCPC and Pohani, all claims against those Defendants are dismissed for lack of personal jurisdiction.

### B. Service upon Defendant Bank of India

Defendant Bank of India moves to dismiss the claims against it on the grounds that it was never properly served. The Plaintiff bears the burden of proving that service was properly effectuated. *See Weston Funding, LLC v. Consorico G Grupo Dina, S.A.,* 451 F.Supp.2d 585, 589 (S.D.N.Y. 2006); *Lindsey v. U.S.*, 448 F.Supp.2d 37, 42 (D. D.C. 2006). In assessing the

---

[4]Prior to a 2002 amendment, *see* P.L. § 107-273, 28 U.S.C. § 1441(f) was designated as § 1441(e). It was enacted in 1986, to do away with the judicially-created notion of "derivative jurisdiction" – that is, the belief that a federal court's subject-matter jurisdiction in a removed can ran only to those claims over which the state court had sufficient subject-matter jurisdiction in the first instance. *See generally State of North Dakota v. Fredericks*, 940 F.2d 333, 336-37 (8th Cir. 1991) (discussing history and criticism of derivative jurisdiction). For example, if a plaintiff had mistakenly commenced a claim over which federal courts have exclusive jurisdiction – say for infringement of a patent – in state court, the doctrine of derivative jurisdiction would prevent the federal court from considering that claim once the action was removed, despite Congress' intention that federal courts have exclusive subject-matter jurisdiction over such claims. 28 U.S.C. § 1441(e) was intended to abolish that doctrine, allowing federal courts in removed actions to hear claims that the state court otherwise would have lacked subject-matter jurisdiction to hear. Obviously, neither the doctrine nor the statute bringing about its abolishment has any connection whatsoever to the notion of personal jurisdiction.

sufficiency of service, the Court must look to matters outside the Amended Complaint. *Fagan v. Deutsche Bundesbank*, 438 F.Supp.2d 376, 385 (S.D.N.Y. 2006).

The Amended Complaint alleges that Defendant Bank of India is "a corporation existing under the laws of the state of New York." Defendant Bank of India asserts in its motion that it is a foreign corporation, established under the laws of the nation of India, and that the majority of its shares are owned by the Indian government. Thus, it argues, it is a "foreign state" pursuant to 28 U.S.C. § 1603(a), (b)(2), and subject to service under the terms set forth in the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1608. In its response to Defendant Bank of India's motion, the Plaintiff appears to concede that FSIA governs the issue of service, acknowledging that "As a foreign entity, jurisdiction under the FSIA is absolute."

FSIA requires that an instrumentality of a foreign sovereign be served by one of three methods: (i) delivery of process in accordance with "any special arrangement for service between the plaintiff and the agency or instrumentality"; (ii) by delivery of process "either to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service"; or (iii) if service is not possible under the previous two methods, by delivery of process to an authority directed by the sovereign via a response to letters rogatory, by mailing from the Clerk of the Court to the agency, or as otherwise directed by order of the Court. 28 U.S.C. § 1608(b)(1)-(3).

The Plaintiff has not attached an affidavit or other evidentiary material indicating the means by which it allegedly served Defendant Bank of India. The only description by the Plaintiff of its service is found in its brief in response, which states that it "served an agent of the Bank in New York City at the bank's main office in the United States." *Docket* # 23 at 2. This

conclusory assertion is insufficient to carry the Plaintiff's burden of establishing that it properly effectuated service under 28 U.S.C. § 1608(b). The utter lack of any factual support for this conclusory assertion is highlighted by an affidavit attached to Defendant Bank of India's motion, which states that the Plaintiff purported to serve the Complaint on the bank by delivering it on February 23, 2006 to Gheeta Nainani, a secretary at the bank. Defendant Bank of India states, via affidavit, that Nainani is not an officer, managing agent, or general agent of the bank, nor is she authorized to accept service on behalf of the bank.[5]

As stated above, the Plaintiff bears the burden of showing that its service complied with the requirements of, here, 28 U.S.C. § 1608(b)(2). The conclusory assertion – unsupported by citation to evidence – that Nainani is an "agent" of the bank is not sufficient to satisfy FSIA, which requires that in the circumstances presented here, the Plaintiff serve either an officer, a managing or general agent of the bank, or an agent that is authorized to receive service of process. Even if the Court were to accept the unsupported assertion in the Plaintiff's brief that Nainani is an "agent of the Bank," this is not sufficient to establish that the scope of her agency includes "authoriz[ation] . . . to receive service of process." 28 U.S.C. § 1608(b)(2). Indeed, an entity may have many "agents" in its employ, but such status does not necessarily amount to an

---

[5]Defendant Bank of India attaches a copy of the process server's return of service, which purports to state that Nainani "stated she is the [blank], an agent authorized to accept service of legal process." *Docket* # 11, Ex. P. One could argue – although the Plaintiff does not – that this constitutes evidence that Nainani represented to the process server that she was a proper agent of the bank for service of process. However, given the incompleteness of return of service in identifying Nainani's actual title, the absence of any supplemental affidavit from the process server describing the nature of his interaction with Nainani, and the lack of any argument by the Plaintiff on this issue, the Court does not deem the return of service to create an issue of fact as to Nainani's scope of authority sufficient to require an evidentiary hearing or denial of the bank's motion.

authorization of any such agent to receive process. Accordingly, the Court finds that the Plaintiff has not carried its burden of establishing that its service upon Defendant Bank of India was sufficient.

The Plaintiff states that "[a]t the worst, the Court could quash the service and instruct Plaintiff to have the Bank of India served again within a reasonable time." The Plaintiff offers no citation in support of this assertion, nor does it even purport to request such relief. Assuming that the Plaintiff is requesting relief under Fed. R. Civ. P. 12(m), that rule provides that "If service . . . is not made upon a defendant within 120 days after the filing of the complaint, the court . . . shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." The effect of Rule 4(m) is to require the Court an extension of time to serve if good cause is shown for the failure to serve, and to permit the Court, in its discretion, to grant an extension of time even in the absence of good cause. *Espinoza v. U.S.*, 52 F.3d 838, 840-41 (10th Cir. 1995). In assessing a request under Rule 4(m), the Court should first examine whether the Plaintiff has shown good cause for failing to effect service; if no good cause is shown, the Court should proceed to consider whether, in its discretion, an extension of time to serve is warranted. *Id.*

The Plaintiff does not argue that its failure to properly serve Defendant Bank of India resulted from good cause. The "good cause" standard should be read narrowly to protect only those plaintiffs who have been meticulous in their efforts to comply with rules governing service. *Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1438 (10th Cir. 1994). The Court finds nothing in the record that would suggest that the Plaintiff's efforts in this regard rose to that

level. Rather, by all appearances, the failure of service resulted from the all-too-common failure of counsel and/or the process server to properly discern whom the law requires to be served. Accordingly, the Court finds that an extension of time to serve is not justified by good cause.

In deciding whether to exercise its discretion to grant an extension of time to serve in the absence of good cause, the Court considers several factors, including: (i) the potential bar of the statute of limitations; (ii) prejudice to the defendant; (iii) whether the defendant had actual notice of the suit; (iv) the likelihood of eventual service; (v) whether the plaintiff is represented by counsel; and (vi) the length of the delay, among others. *Espinoza*, 52 F.3d at 842, *see also Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007). With perhaps the exception of the factor relating to actual notice of the suit, the Plaintiff has not offered any argument as to any of these factors.

The Plaintiff has made no showing here as to what extent, if any, the statute of limitations would have on this action were it to be dismissed and refiled. Because of such silence and the inconsistent and unspecific nature of the claims asserted in the Amended Complaint, the Court is uncertain as to which jurisdiction's law – Colorado, South Dakota, New York, or others – might govern the Plaintiff's substantive claims and any potential limitations argument. In the absence of focused briefing on the question, the Court is not willing to render any advisory verdict on any potential limitations issue. At best, this factor tips against granting additional time, on the assumption that no statute of limitations issue is presented; at worst, this factor is neutral, in that any potential limitations problem that might exist has not been raised by the Plaintiff.

There is no particular prejudice that would inure to Defendant Bank of India if the Plaintiff were to be granted additional time to effectuate proper service, and Defendant Bank of India has

clearly had actual notice of this action from its inception. There is no reason to believe that the Plaintiff would ultimately be unable to properly serve Defendant Bank of India. These factors weigh in favor of the Plaintiff.

It is undisputed that the Plaintiff was represented by counsel at the time service was attempted, and has continued to be represented by counsel to date. This factor tips strongly against the Plaintiff for several reasons. First, because it enjoys the benefits of counsel, the Plaintiff is charged with the duty to understand and diligently attempt to comply with the statutes governing service. Neither Rule 4(m) nor the service provisions of FSIA are particularly complex, nor do they erect formidable barriers to accomplishing proper service. The Plaintiff's failure to appreciate the defect in its attempted service, both at the time it was first made and, more importantly, when highlighted in Defendant Bank of India's motion, weigh against the Court exercising its discretion to grant additional time to attempt service again. Moreover, and perhaps more importantly, the Plaintiff has not chosen to attempt to re-serve Defendant Bank of India correctly, notwithstanding the pendency of this motion. Faced with a motion attacking the sufficiency of its service, the Plaintiff could have chosen to promptly re-serve, adhering scrupulously to the letter of the law, thereby curing any service defect and mooting Defendant Bank of India's motion. Instead of solving the problem (or at least hedging its bets by both defending its original service and nevertheless effecting proper re-service), the Plaintiff appears to have chosen to gamble that the Court would approve of its original attempt at service. By doing so, it has both delayed the effectuation of proper service and complicated the litigation. These matters reflect a lack of diligence on the part of the Plaintiff's counsel towards the sufficiency of service, and tip strongly against granting additional time.

The length of the delay factor also tips slightly against the Plaintiff. The original Summons in this case is dated January 21, 2006, and the Plaintiff attempted to serve Defendant Bank of India on or about February 23, 2006. At this point, well more than a year has elapsed since the commencement of the action without proper service having been achieved. Although such a delay is far short of the seven year delay that caused the 9th Circuit in *Efaw* to reverse the District Court's discretionary grant of additional time, 473 F.3d at 1041, it is nearly four times more than the 120-day period that is presumptively proper for service under Rule 4(m). The length of the delay is somewhat ameliorated by the fact that Defendant Bank of India has had notice of this action since its inception, but on balance, the Court finds that this factor tips slightly against the Plaintiff.

In addition to these factors, the Court notes several other facts that bear on whether it should exercise its discretion to grant additional time to serve. For many of the same reasons stated previously, the Court has concerns as to whether it would have personal jurisdiction over Defendant Bank of India, as there is no indication that that entity has or had any presence in Colorado at any time. Similarly, even if the Court had sufficient personal jurisdiction over Defendant Bank of India, it is not at all clear that the District of Colorado is the proper venue for an action over a dispute whose events occurred in South Dakota and New York. Although the Court makes no findings as to whether this case could proceed in this Court were proper service to be effectuated, these concerns raise an issue as to whether granting additional time to serve would ultimately prove futile. Finally, the Court notes that Plaintiff's submission in response to the Defendants' motion is so lacking in meaningful argument, citation to and correct interpretation of authority, and comprehensible structure falls so far short of the requirements of

13

Fed. R. Civ. P. 11(b) that, had the Defendants requested sanctions for its filing, the Court would have granted them. Given that the Plaintiff has previously been sanctioned and had its case dismissed in a prior effort to litigate this case in South Dakota, *Docket* # 11, Ex. 14, and has further been sanctioned by the Magistrate Judge here **(# 21)**, this Court has little enthusiasm for encouraging this litigation to continue.

Weighing all of the factors together, the Court finds that it is inappropriate to grant additional time to serve Defendant Bank of India. Although allowing another attempt at service would work no particular prejudice on the Defendant, the Court finds that the Plaintiff has utterly failed to demonstrate reasonable and diligent efforts to effectuate proper service to date, and that such lack of diligence, coupled with the length of the delay and collateral concerns over the propriety of this case in this Court outweigh any justifications for permitting the Plaintiff another bite at the service apple. Accordingly, because the Court finds that time for effectuating service under Rule 4(m) has expired and no additional time to achieve service is warranted, the claims against Defendant Bank of India are dismissed pursuant to Fed. R. Civ. P. 12(b)(5).

## **CONCLUSION**

For the foregoing reasons, the Defendants' Motion to Dismiss **(# 10)** is **GRANTED**. The Amended Complaint is **DISMISSED** as against all the Defendants. The Defendants' Motion to

Stay **(# 13)** and Motion for Hearing **(# 44)** are **DENIED AS MOOT**. The Clerk of the Court shall close this case, subject to the resolution by the Magistrate Judge of an outstanding issue relating to the amount of sanctions to be awarded against the Plaintiff's counsel. *See Docket #* 21, 25, 26, 29.

Dated this 16th day of March, 2007

**BY THE COURT:**

Marcia S. Krieger
United States District Judge